◾ In the Matter of the Claim of FRANCES BISHOP, Respondent, v. GRAZIANO ZAZZARA, Doing Business as VILLA RESTAURANT, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— STALEY, JR., J. Appeal from a decision of the Workmen's Compensation Board awarding death benefits. Decedent sustained a myocardial infarction on December 23, 1953, which was found to be the result of a compensable accident, and was thereafter paid compensation benefits. The case was closed on October 14, 1958 upon payment of a lump-sum nonschedule adjustment. The decedent died at the Veterans' Administration Hos-

pital in Syracuse, New York, on July 8, 1963. The certificate of death, signed by Dr. J. A. Schaefer, recorded the cause of death as ventricular fibrillation due to recent and old myocardial infarcts and arteriosclerotic heart disease. At the hearing, Dr. Schaefer testified that the old thrombus was presumably a contributing cause to the decedent's death. Dr. Asher Black testified that the 1953 accident was a causative factor in production of his coronary insufficiency and myoischemia thereafter present and finally resulting in his death on July 8, 1963. Dr. Anthony T. Ladd testified that a coronary infarct kills heart muscle and, as a result, the heart is weaker since it has less muscle; that life expectancy after the first infarct is about 10 years; that the 1953 infarct was indirectly related to decedent's death since it killed heart muscle, and that the 1953 infarct was a contributing factor to the death in 1963. The medical expert called by the employer denied causation, asserting the cause of death to be arteriosclerosis, a progressive disease. The board, however, was entitled to accept the evidence adduced in support of causal relation which we find to be substantial. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in a memorandum decision by Staley, Jr., J.